## HINKLE vs. BALL et al.

1. COURTS: *Power over process. Injunction against supreme court judgments.*

   Courts of law have the control and direction of their own process, free from interference of other courts of law of co-ordinate authority; and an inferior court of law can not interfere with the execution of the process of the supreme court.

   But whenever from fraud, accident, or mistake, etc., it becomes inequitable to proceed with the execution of the process of the supreme court, and it can not interfere without the exercise of original jurisdiction, it allows courts of chancery to interfere by injunction.

2. SUPREME COURT: *Mandamus.*

   The supreme court can issue writs of mandamus in aid of its appellate and supervisory jurisdiction, and on proper application, may direct the sheriff as to the funds he should receive in satisfaction of its execution.

APPEAL from *Izard* Circuit Court.
Hon. S. PEETE, Special Judge.
*Moore*, for appellant.

EAKIN, J.  Hinkle, sheriff of Izard county, had in his hands an execution from this court against Ball and seven other defendants, in favor of Fulton county.  The defendants petitioned for and, after due notice, obtained from the circuit court of Izard county, a mandamus against the sheriff, commanding him to accept, in payment, certain warrants, or scrip, of said county of Fulton.  From this order, Hinkle appealed to this court.

Courts of law have the control and direction of their own process, free from all interference from other courts of law of co-ordinate authority.  *A fortiori*, an inferior court of law should not, by mandamus or otherwise, interfere with the execution of process from this court, or control the officer in his duty, either to enforce or prohibit.  He must make his return here, and is responsible alone to this court.  Whatever orders may be necessary for his direction, should emanate from the tribunal under which he is acting, or from some superior court.  Under the constitution, this court has power to issue writs of mandamus in aid of its appellate and supervisory jurisdiction, and has exercised the power in a case like this.  *Woodruff v. Trapnall, Atty., 12 Ark., 640.*

Whenever from fraud, accident, or mistake; or from causes supervening, or discovered too late to be brought properly to the notice of this court in the decision of a case, it becomes inequitable to proceed with the execution of its process; and when the examination of the facts involves the necessity of the exercise of original jurisdiction, this court, disclaiming such original powers, and recognizing

the necessity of a remedy somewhere, has formerly conceded to courts of chancery the power to interfere by injunction. No such case is presented by the record. This court may, on proper application, and being satisfied as to the merits, give all necessary directions to the sheriff as to the funds which he should receive in satisfaction of the execution. Such action would be ancillary only. The circuit court should not, by proceedings at law, have assumed jurisdiction to do so.

Reverse the judgment of the circuit court at the cost of appellees, and remand the cause, with instructions to the circuit court to dismiss the petition for want of jurisdiction.